**Opinion filed August 17, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00126-CR
_____

## KEVIN BOYKIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR23294**

## M E M O R A N D U M   O P I N I O N

In July 2014, Appellant, Kevin Boykin, was indicted for two counts of indecency with a child—enhanced as a repeat sexual offender. TEX. PENAL CODE ANN. §§ 21.11(a)(1), 12.42(c)(2) (West 2019). Appellant was later found to be incompetent to stand trial and was committed for inpatient mental health services. In March 2022, Appellant's competency was restored, and the case proceeded to a jury trial. The jury convicted Appellant of the charged offenses. Appellant elected

to have the trial court assess his punishment. The trial court subsequently found Appellant's prior felony conviction "true" and sentenced Appellant to life imprisonment in the Institutional Division of Texas Department of Criminal Justice.

In four issues, Appellant challenges his conviction and contends that: (1) the evidence is insufficient to support the jury's finding that Appellant touched the complainant's genitals as charged in Count Two of the indictment; (2) the trial court abused its discretion when it admitted extraneous-offense evidence concerning comments Appellant allegedly made that he desired to have sexual relations with a neighbor's minor child; (3) the trial court erred when it overruled Appellant's objection to the admission of the contents of Appellant's notebooks because this evidence should have been excluded under Rules 403 and 404(b) of the Texas Rules of Evidence; and (4) the trial court abused its discretion when it admitted Appellant's confession from a prior felony case in the guilt-innocence phase of his trial pursuant to Article 38.37 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2022); *see also* TEX. R. EVID. 403, 404(b).

## I. *Factual Background*

On June 6, 2014, A.S. and T.B.[1] were staying overnight with their aunt and uncle, Stephanie and Corey Wishert, at the house that the Wisherts shared with Appellant. At the time, A.S. was seven years old and T.B. was five years old. The children were in the living room watching television while the adults were in the garage, except for Appellant who had gone to his room earlier that night. While the children were alone in the living room, Appellant entered the living room and asked A.S. for a goodnight kiss. Appellant then pinned A.S. down, kissed her, moved his hands under her nightgown and panties, and touched her chest and vagina. Appellant then approached T.B. and touched T.B.'s penis and slapped his buttocks.

---

[1]Pseudonyms are used for the children throughout the opinion to protect the children's identities.

2

Appellant then left the living room and went into the garage. A.S. and T.B. followed and told Stephanie what had occurred. Stephanie confronted Appellant and asked "is this true?" to which Appellant responded "I don't know." The next day, Stephanie called the Brown County Sheriff's Department and reported these incidents.

## II. *Procedural Background*

During the trial, the trial court held multiple hearings outside the presence of the jury to determine the admissibility of certain evidence proffered by the State.

### A. *Testimony Regarding Appellant's Comments about the Neighbor's Minor Child*

Prior to the presentation of witness testimony to the jury, the State proffered testimony from Timothy Savell. According to Savell, while he shared a room with Appellant, Appellant told Savell that he would like to have sex with the neighbor's minor child. The State contended that this evidence was admissible under Rule 404(b). Appellant's trial counsel objected to the admission of these comments under Rule 403 and asserted that the probative value of Savell's testimony was outweighed by its tendency to prejudice the jury regarding the charges filed against Appellant in this case. The State responded that the evidence is "probably some of the most probative evidence that I have in the entire case" because it indicated Appellant's intent to commit the charged offense—indecency with a child. The trial court, after conducting the Rule 403 balancing test, overruled the objection.

### B. *Testimony Regarding the Contents of Appellant's Notebooks*

The State proffered two notebooks kept by Appellant in which he wrote about his sexual fantasies toward children. Appellant's trial counsel objected to the admission of the notebooks on the grounds that (1) Rule 404(b) precluded the admission of the notebooks and (2) the thoughts and comments expressed by Appellant in the notebooks were prejudicial. The State responded that the notebook

3

entries were indicative of Appellant's motive and intent and were highly probative of both because the notebook entries (1) tended to show how Appellant's behavior was sexual in this instance and (2) corroborated T.B.'s testimony that Appellant spanked him because Appellant had noted fantasies about spanking young boys. The State then moved to admit only certain excerpts from the notebooks through witness testimony and agreed not to offer the notebooks as exhibits for the jury's consideration. Appellant's trial counsel reasserted Rule 403 and 404(b) objections to the admission of the specific notebook excerpts offered by the State. The trial court overruled Appellant's 404(b) objection and, after conducting the Rule 403 balancing test, overruled Appellant's 403 objection.

C. *Appellant's Confession from a Prior Case*

The trial court conducted an Article 38.37, Section 2-a hearing outside the jury's presence during which the State proffered Appellant's signed confession from a prior felony offense that occurred in 1993. Appellant's trial counsel objected to the admission of Appellant's signed confession claiming that Article 38.37 precluded its admission. The State responded that the confession was admissible under Article 38.37 because Appellant had committed one of the statute's enumerated offenses and the statute did not limit the admissibility of such evidence to only the conviction itself. The State also argued that the details of Appellant's confession were admissible under Rule 404(b) to show motive, intent to arouse, lack of mistake or accident, and common scheme or plan by discussing and comparing the similarities between the prior offense and the current offense—the ages of the victims, the acts committed toward minor children, and the gender of the children. Appellant's trial counsel re-urged his Rule 404(b) objection regarding the confession's admissibility. At the conclusion of this hearing, the trial court found that (1) Appellant's confession would be adequate to support a finding by the jury

4

that Appellant committed the prior felony offense beyond a reasonable doubt and (2) Appellant's confession should be admitted.

### III.  *Discussion*

#### A.  *Sufficiency of the Evidence*

In his first issue, Appellant challenges the sufficiency of the evidence to support his conviction as charged in Count Two.  He alleges that there was insufficient evidence that he touched the complainant's genitals.[2]  Specifically, Appellant contends that evidence of T.B.'s original outcry is insufficient to sustain the conviction because T.B. could not recall the incident when he testified, there is no physical evidence to connect Appellant to the charged offense, and the eyewitness testimony offered by the State was brief and speculative.

##### 1.  *Standard of Review*

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979).  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd).  Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt.  *Jackson*, 443 U.S. at 319, *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

In conducting a sufficiency review, we consider all of the evidence admitted at trial, including evidence that may have been improperly admitted.  *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  We defer to the

---

[2]Although Appellant was also convicted of indecency with a child as charged in Count One of the indictment, he does not challenge the sufficiency of the evidence to support his conviction for this offense.

factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard is deferential and accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Thus, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326, *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

The evidence need not directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the defendant's guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Each fact need not point directly and independently to the defendant's guilt if the cumulative force of all incriminating circumstances is sufficient to support the defendant's conviction. *Hooper*, 214 S.W.3d at 13. Therefore, in evaluating the sufficiency of the evidence, we treat direct and circumstantial evidence equally, and we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015); *Isassi*, 330 S.W.3d at 638; *Hooper*, 214 S.W.3d at 13.

2. *Analysis*

A person commits the offense of indecency with a child if the person engages in sexual contact with a child younger than seventeen years of age. PENAL § 21.11(a)(1). Sexual contact means any touching by a person, including touching

6

through one's clothing, of the anus, breast, or any part of the genitals of a child if the act is committed with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1).

The record shows that four witnesses testified that T.B. made an outcry of being inappropriately touched by Appellant. T.B. made his initial outcry to Stephanie shortly after the incident occurred. Stephanie testified that T.B. told her that "[Appellant] had reached down his pants and touched his pee-pee." Stephanie also testified that when she was told about this, initially she was very upset and tried to reconcile Appellant's version of events with the children's version. She stated that when she asked Appellant about the incident his only response was "I don't know." Stephanie testified that after she discussed what had occurred with both children and Appellant that she "absolutely" believed the children and did not believe Appellant "at all." Stephanie also testified that later that same evening after she had reflected and calmed down from the initial shock, she asked the children again what had happened and T.B. told her again that Appellant had touched his "pee-pee."

Robert Ramirez, a former deputy with the Brown County Sheriff's Department, testified that T.B. outcried during his forensic interview. Similarly, Investigator Chrisstena Nelson with the Texas Department of Family and Protective Services conducted T.B.'s forensic interview and testified that T.B. outcried during the interview. Investigator Nelson testified that, during the interview, T.B. stated that Appellant had touched T.B.'s anus and his penis. Investigator Nelson also testified that this statement was consistent with the outcry that T.B. made to his aunt.

In addition to the outcry evidence, there is other evidence that Appellant touched T.B.'s genitals. A.S. witnessed the acts of sexual misconduct that Appellant committed against T.B. A.S. testified that after Appellant had finished touching her, she was "kind of disassociating or zoning out" but she believed that Appellant had

done "basically the same thing" to T.B. that he had done to her. A.S. clarified in her testimony that she remembered Appellant touching T.B. and she thought that Appellant had touched T.B.'s penis.

Despite this evidence, T.B. and Appellant both testified that Appellant did not touch T.B.'s genitals. T.B. testified that he remembered Appellant picking him up and slapping his buttocks over his clothing. When asked if he was touched in any other way, T.B. answered "No." Appellant testified that he did not touch T.B.'s genitals and claimed that another houseguest was the person who had touched the children inappropriately.

Consistent with the applicable standard, we have reviewed the evidence in the light most favorable to the jury's verdict. Stephanie testified that T.B. told her, not just once, but twice, that Appellant touched his "pee-pee." "A child victim's outcry statement alone can be sufficient to sustain a conviction for a sexual offense." *Chavez v. State*, 324 S.W.3d 785, 788 (Tex. App.—Eastland 2010, no pet.) (citing *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991)). Although T.B. testified at trial that he had no recollection of being touched inappropriately by Appellant, the jury as the sole judge of the credibility of the witness was free to believe the outcry witness's testimony and to disbelieve T.B.'s trial testimony on this issue. We presume that the jury resolved any evidentiary conflicts in favor of the verdict. Thus, considering the cumulative force of the evidence, we hold that the record before us contains sufficient evidence from which a rational jury could have logically inferred and found beyond a reasonable doubt that Appellant was guilty of indecency with a child as charged in Count Two of the indictment. Accordingly, we overrule Appellant's first issue.

B. *Evidentiary Issues*

In his second and third issues, Appellant contends that the trial court abused its discretion when it admitted (1) comments Appellant made that he desired to have

sexual relations with a neighbor's minor child and (2) excerpt passages from notebooks found in Appellant's bedroom after his arrest.

In his fourth issue, Appellant contends that the trial court abused its discretion when it admitted Appellant's confession from a prior case. Specifically, Appellant argues (1) that Article 38.37 does not allow for the admissibility of the *details* of the prior offense, but only that the prior offense occurred and (2) the *Gigliobianco* factors weigh against the admission of his confession. *See Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

1. *Standard of Review*

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Ruiz v. State*, 631 S.W.3d 841, 855 (Tex. App.—Eastland 2021, pet. ref'd) (citing *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019)). This standard of review also applies to a trial court's decision to admit or exclude extraneous-offense evidence. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *Barron v. State*, 630 S.W.3d 392, 410 (Tex. App.—Eastland 2021, pet. ref'd). We will not reverse a trial court's decision to admit or exclude evidence, and there is no abuse of discretion, unless that decision lies outside the zone of reasonable disagreement. *De La Paz*, 279 S.W.3d at 343–44; *Ruiz*, 631 S.W.3d at 856 (citing *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018)); *Barron*, 630 S.W.3d at 410. Furthermore, we will uphold a trial court's evidentiary ruling, even if the trial court's reasoning is flawed, if it is correct on any theory of law that finds support in the record and is applicable to the case. *Henley v. State*, 493 S.W.3d 77, 93 (Tex. Crim. App. 2016); *Dering v. State*, 465 S.W.3d 668, 670 (Tex. App.—Eastland 2015, no pet.).

## 2. *Applicable Law*

Generally, a party may not introduce evidence of a person's specific past conduct to prove conformity of character. TEX. R. EVID. 404(b); *Robbins v. State*, 88 S.W.3d 256, 259 (Tex. Crim. App. 2002) (citing *Montgomery v. State*, 810 S.W.2d 372, 386–88 (Tex. Crim. App. 1990)); *Barron*, 630 S.W.3d at 413. Nevertheless, extraneous evidence may be admissible for other purposes if it has relevance apart from character conformity. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011); *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003); *Hernandez v. State*, 426 S.W.3d 820, 825 (Tex. App.—Eastland 2014, pet. ref'd). For instance, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b)(2). Thus, although Rule 404(b) generally precludes the admission of character-conformity evidence, it does not necessarily prohibit the admission of such evidence if it is offered to establish some other purpose. *See De La Paz*, 279 S.W.3d at 342–43.

Article 38.37, Section 2(b), although similar to Rule 404(b), provides that character evidence, that would otherwise be inadmissible under the Texas Rules of Evidence or other applicable law, is admissible for any relevant purpose. There is a significant difference, however, between Article 38.37 and Rule 404(b) evidence. Article 38.37 evidence is admissible as proof of the defendant's *character* as well as defendant's propensity to act in conformity with such character, so long as the charged offense concerns one of the offenses enumerated in Article 38.37— including indecency with a child. CRIM. PROC. art. 38.37 §§ 2(a)(1)(B), (b); *see Wishert v. State*, 654 S.W.3d 317, 330 (Tex. App.—Eastland 2022, pet. ref'd); *Deggs v. State*, 646 S.W.3d 916, 922 (Tex. App.—Waco 2022, pet. ref'd); *Ryder v. State*, 514 S.W.3d 391, 398–99 (Tex. App.—Amarillo 2017, pet. ref'd); *Harris v. State*, 475 S.W.3d 395, 398–400 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

10

Article 38.37, Section 2(b) allows for the admission of evidence that the defendant has committed a separate offense of *a sexual nature against a child*; the "child victim" of the separate offense need not be the victim of the offense for which the defendant is currently on trial. *Wishert*, 654 S.W.3d at 330 (citing *Deggs*, 646 S.W.3d at 922; *Ryder*, 514 S.W.3d at 398–99; *Harris*, 475 S.W.3d at 398–400; *Belcher v. State*, 474 S.W.3d 840, 844–47 (Tex. App.—Tyler 2015, no pet.)).

For this type of evidence to be admissible under Article 38.37, Section 2(b), the defendant need not have been charged with, tried for, or convicted of the separate offense. *Castillo v. State*, 573 S.W.3d 869, 880–81 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd). A no-billed sexual-assault offense committed against a child other than the victim of the offense on trial is admissible. *Bradshaw v. State*, 466 S.W.3d 875, 880 (Tex. App.—Texarkana 2015, pet. ref'd). Moreover, Article 38.37, Section 2(b) provides that such evidence is admissible only if the extraneous offense is one of the specific offenses enumerated in its provisions, all of which involve sexual misconduct of some sort. CRIM. PROC. art. 38.37, § 2(a), (b).

Before extraneous-offense evidence may be admitted pursuant to Article 38.37, Section 2(b), the trial court must (1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt, and (2) conduct a hearing out of the jury's presence for that purpose. *Ryder*, 514 S.W.3d at 399; *see* CRIM. PROC. art. 38.37, § 2-a. In this case, the nature of the challenged evidence would satisfy the admissibility requirements of Article 38.37, Section 2(b).

When evidence of a defendant's extraneous acts is determined to be relevant and admissible under Rule 404(b) or Article 38.37, Section 2(b), and a timely, proper Rule 403 objection is made, the trial court must make a Rule 403 balancing determination. *Montgomery*, 810 S.W.2d at 388–89; *Keller v. State*, 604 S.W.3d

214, 228 (Tex. App.—Dallas 2020, pet. ref'd) (citing *Distefano v. State*, 532 S.W.3d 25, 31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd)).

"Generally, all relevant evidence is admissible." *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009) (citing TEX. R. EVID. 402). Evidence is relevant if it has any tendency to make a fact of consequence to the determination of the action more or less probable than it would without the evidence. TEX. R. EVID. 401; *see Shuffield v. State*, 189 S.W.3d 782, 786–87 (Tex. Crim. App. 2006). However, Rule 403 provides that relevant evidence may nonetheless be excluded "if its probative value is substantially outweighed by a danger of . . . *unfair* prejudice." TEX. R. EVID. 403 (emphasis added).

"Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002) (citing *Montgomery*, 810 S.W.2d at 376); *see Martin v. State*, 570 S.W.3d 426, 437 (Tex. App.—Eastland 2019, pet. ref'd). "Rule 403 requires exclusion of evidence only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value." *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001). Therefore, in reviewing a trial court's Rule 403 determination, we will reverse the trial court's ruling only if a clear abuse of discretion is shown. *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); *Montgomery*, 810 S.W.2d at 392; *Martin*, 570 S.W.3d at 437.

When undertaking a Rule 403 analysis to determine whether to admit or exclude evidence, a trial court must consider several factors (the *Gigliobianco* factors) and balance:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest [a] decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main

issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Garcia v. State*, 630 S.W.3d 264, 268 (Tex. App.—Eastland 2020, no pet.) (citing *Gigliobianco*, 210 S.W.3d at 641–42). These factors guide our analysis.

### 3. *Savell's Testimony and Appellant's Notebook Excerpts*

Appellant's second and third issues raise Rule 403 and 404(b) arguments concerning (1) Savell's testimony that detailed Appellant's desire to have sex with the neighbor's minor child and (2) excerpts from Appellant's notebooks that detailed Appellant's pedophilic fantasies. Turning first to Appellant's Rule 404(b) argument, he contends that his statements to Savell and his fantasies as contained in his notebooks are not relevant for any purpose except to prove character conformity. The State argues that this evidence is relevant to show that Appellant's sexual contact with the children was made with the requisite intent to arouse or gratify Appellant's sexual desire.

At the outset, we note that Appellant has not preserved for our review his Rule 404(b) argument as it relates to Savell's testimony. For a complaint to be properly preserved for appellate review, a party must present a specific, timely objection to the trial court that articulates and makes the trial court aware of the specific grounds for the ruling that the complaining party seeks. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020); *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009). Further, the complaint raised on appeal must correspond to and comport with the objection made at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

Appellant objected under Rule 403 that the probative value of Savell's testimony was outweighed by its tendency to prejudice the jury regarding the charges

13

pending against Appellant in this case. As we have said, an objection asserted at trial on one ground cannot support a different contention on appeal. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). As such, the arguments raised on appeal must comport with the objections made at trial, or they are waived. TEX. R. APP. P. 33.1(a)(1)(A); *Dominguez v. State*, 474 S.W.3d 688, 699 (Tex. App.— Eastland 2013, no pet.). Therefore, Appellant has not preserved his Rule 404(b) argument for our review.

Nevertheless, even if Appellant's complaint had been preserved for our review, we conclude that the trial court did not abuse its discretion when it admitted Savell's testimony. Evidence that Appellant expressed a desire to have sexual contact with the neighbor's minor child was not offered to show that Appellant acted in conformity with the conduct leading to his conviction; rather, the evidence was relevant to establish an element of the charged offense—that the contact was made with the intent to arouse or gratify Appellant's sexual desire. *See* PENAL § 21.11(c)(1).

Similarly, the trial court did not abuse its discretion when it overruled Appellant's Rule 404(b) objection to the admission of the notebook excerpts. The notebooks similarly contained statements made by Appellant of his desire to have sexual contact with minor children. In this instance, the admitted notebook excerpts were relevant to a material, non-propensity issue—Appellant's intent with respect to his sexual misconduct with A.S. and T.B. *See* PENAL § 21.11(c)(1).

Because we have concluded that the above evidence had relevance apart from character conformity, we now turn to Appellant's Rule 403 objections. Appellant argues that the probative value of the admitted evidence was substantially outweighed by the danger of misleading or prejudicing the jury because Savell's testimony and the admitted notebook passages were unfairly prejudicial because they described the most heinous acts—including bondage, aggravated assault,

14

pedophilia, spanking, anal intercourse, oral sex, and torture. The State contends that (1) this evidence was highly probative because it describes Appellant's intent to seek sexual gratification from a minor child—an element of the charged offense—and (2) the evidence is only prejudicial because it describes various manners in which to sexually abuse a minor child—the same type of conduct that Appellant was currently on trial for.

The first two *Gigliobianco* factors focus on the probative value of the evidence. "Probative value" refers to (1) how strongly an item of evidence serves to make more or less probable the existence of a fact of consequence to the litigation, (2) coupled with the proponent's need for that item of evidence. *Gigliobianco*, 210 S.W.3d at 641. First, Appellant's desire to have sexual relations with minor children makes it more likely that he would have pursued some form of inappropriate interaction with A.S. and T.B. in this instance with the intent and purpose of arousing his sexual gratification. Second, with respect for the State's need for the evidence, the State's case pitted the outcry witnesses and victim's version of the events against Appellant's denials. Appellant testified and denied that any conduct of a sexual nature ever occurred between him and the children. Thus, Savell's testimony and the notebook excerpts rebutted Appellant's denials and was relevant to show Appellant's intent. Therefore, we conclude that the first two *Gigliobianco* factors weigh in favor of admission of this evidence.

The final four *Gigliobianco* factors focus on the potential negative effects of the proffered evidence. The third factor addresses the tendency of the evidence to suggest a decision on an improper basis. Indeed, evidence of a sexual nature that involves children or family members is inherently inflammatory and prejudicial. *See Montgomery*, 810 S.W.2d at 397; *Roe v. State*, 660 S.W.3d 775, 785 (Tex. App.—Eastland 2023, pet. ref'd). This case is no exception. Savell's testimony and the notebook excerpts were undoubtedly inflammatory given their graphic nature.

15

However, we note that the trial court limited the admission of both Savell's testimony and the notebook excerpts to those portions that the trial court found were most relevant to Appellant's desire to have sexual relations with minor children. Thus, the trial court took adequate measures to mitigate and ensure that the challenged evidence would not improperly influence the jury. *See Roe*, 660 S.W.3d at 785; *Gaytan v. State*, 331 S.W.3d 218, 228 (Tex. App.—Austin 2011, pet. ref'd); *Newton v. State*, 301 S.W.3d 315, 320 (Tex. App.—Waco 2009, pet. ref'd).

The fourth factor focuses on the potential of the proffered evidence to confuse or distract the jury from the main issues in the case. This factor weighs in favor of admission because the evidence was probative of the nature of the sexual contact between Appellant and the children and his intent to arouse his sexual gratification when engaging in the charged conduct. The fifth factor focuses on the potential of the proffered evidence to mislead the jury. While the proffered evidence did not pertain to the children who were the victims of the charged offense, as discussed previously, it speaks to Appellant's desire to attain sexual gratification from minor children and assists in contextualizing Appellant's conduct in this case. Finally, the sixth factor focuses on the amount of time that was needed to present the proffered evidence and whether it was cumulative of other admitted evidence. Savell's testimony concerning Appellant's comments about the neighbor's minor child spanned just over a page in the reporter's record. Further, the references to the notebook excerpts spanned only four pages of the reporter's record.

In short, Savell's testimony and the notebook excerpts were certainly prejudicial. But, to be excluded, the evidence must be *unfairly* prejudicial. *See Ruiz*, 631 S.W.3d at 865 (to be violative of Rule 403 the admitted evidence must be *unfairly* prejudicial); *see also* TEX. R. EVID. 403. Under Rule 403, the probative value of relevant evidence is presumed to substantially outweigh the danger of *unfair* prejudice. *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009) (citing

*McFarland v. State*, 845 S.W.2d 824, 837 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994); *Green v. State*, 840 S.W.2d 394, 410 (Tex. Crim. App. 1992)). It is only when there is a "clear disparity" between the prejudice and the probative value of the offered evidence that Rule 403 envisions exclusion. *Hammer*, 296 S.W.3d at 568 (quoting *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001)).

Considering the standard of review, the applicable presumptions, and the *Gigliobianco* factors, we cannot conclude that the trial court abused its discretion when it overruled Appellant's Rule 403 objections and admitted this evidence. *See Hammer*, 296 S.W.3d at 568 ("Because Rule 403 permits the exclusion of admittedly probative evidence, it is a remedy that should be used sparingly."). Accordingly, we overrule Appellant's second and third issues.

#### 4. *Appellant's Prior Case Confession*

In his fourth issue, Appellant raises an Article 38.37 argument regarding the admission of his confession from a prior case that resulted in his prior felony conviction. Specifically, Appellant argues that the purpose and scope of Article 38.37 is satisfied by evidence of the conviction alone and that the statute does not expressly authorize the admission of the underlying details of the prior conviction. The State contends that the plain text of the statute supports the admission of the details of the prior offense when offered in a subsequent prosecution.

Article 38.37, Section 2 states that ". . . *evidence* that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on *relevant* matters." CRIM. PROC. art. 38.37 § 2(b) (emphasis added). The inclusion of the word "evidence" in Article 38.37, Section 2 is inherently broad. Certainly, if the legislature had intended to limit the admissibility

17

of evidence of a prior conviction to only the conviction or the conviction's corresponding judgment, without any reference to the underlying facts or details of the prior offense, the legislature would have instead included the words "conviction" or "judgment" in the statute rather than "evidence."

Further, the purpose of Article 38.37, Section 2 is to "provide prosecutors with a much needed tool to assist them in showing a defendant's propensity for committing these types of crimes." Senate Rsch. Ctr., Bill Analysis, Tex. S.B. 12, 83rd Leg., R.S. (2013). In enacting this statute, the legislative commentary states that "[b]ecause of the nature of child sex offenses, there is typically very little evidence to assist prosecutors with proving their cases." *Id.* Thus, the legislature found it necessary to expand the scope of admissible evidence in these types of cases to include evidence of other incidents of sexual abuse that involve a different child or multiple children, so that a jury can get a complete picture of the abuse that occurred during the guilt/innocence phase of a defendant's trial. *See id.* Given the plain language and the legislative history of the statute, as well as existing precedent, we conclude that the admission of evidence under Article 38.37 is not limited to only the conviction itself.[3]

---

[3]We have consistently held that Article 38.37, Section 2(b) provides for the admissibility of such extraneous-offense evidence, including both the conviction itself and the underlying facts that resulted in the defendant's conviction. *See Wishert*, 654 S.W.3d at 333-34 (the defendant was convicted of continuous sexual abuse of a young child and evidence of defendant's sexual abuse of his adult children when they were minors was properly admitted); *Rojo v. State*, No. 11-17-00225-CR, 2019 WL 3731382 (Tex. App.—Eastland Aug. 8, 2019, pet. ref'd) (mem. op., not designated for publication) (the defendant was convicted of several counts of indecency with a child and evidence of other sexual offenses committed by the defendant *against other children* who were not the alleged victim at trial was properly admitted); *Perez v. State*, No. 11-17-00206-CR, 2019 WL 3227575 (Tex. App.—Eastland July 18, 2019, no pet.) (mem. op., not designated for publication) (the defendant was convicted of one count of continuous sexual abuse of a child and two counts of sexual assault and evidence of other acts of a sexual nature committed by the defendant against a child victim was admissible); *Jimenez v. State*, No. 11-17-00065-CR, 2018 WL 3580879 (Tex. App.—Eastland July 26, 2018, no pet.) (mem. op., not designated for publication) (the defendant was convicted of continuous sexual abuse of a child and evidence of other sexual offenses committed by the defendant *against the child victim and other children* was admissible); *Cornett v. State*, No. 11-16-00124-CR, 2018 WL 2437132 (Tex. App.—Eastland May 31, 2018, pet. ref'd) (mem. op., not

Appellant further argues that even if the statute is construed to authorize the admission of the underlying details of the prior offense, the details of Appellant's prior felony offense were dissimilar in magnitude and thus too prejudicial to be admitted in the present case. The State contends that these details provided the jury with a glimpse of Appellant's thought processes in having previously committed similar offenses, which is probative of Appellant's intent to arouse his sexual gratification in this case.

Appellant objected to the admission of this evidence, consistent with the first part of his argument on this issue, on the ground that Article 38.37 is satisfied by the admission of the judgment of conviction only. Appellant did not, however, make a Rule 403 objection to the admission of this evidence. As we have said, to preserve a complaint for appellate review (1) a party must have made a timely, specific objection, request, or motion to the trial court that stated the specific grounds for the ruling sought by the complaining party, unless the specific grounds were apparent from the context, and (2) the trial court must have either ruled on or refused to rule

---

designated for publication) (the defendant was convicted of continuous sexual abuse of a child; the defendant had a history of violent behavior toward his wife and children and had been investigated by CPS; this evidence was relevant and admissible to "paint a full picture" of the family dynamic, the child victim's state of mind, and the relationship between the defendant and the child victim; the evidence also survived a Rule 403 challenge); *Shimp v. State*, No. 11-16-00234-CR, 2017 WL 6395520 (Tex. App.—Eastland Dec. 14, 2017, no pet.) (mem. op., not designated for publication) (the defendant was convicted of indecency with a child and solicitation of prostitution and evidence of prior acts of indecency committed by the defendant, although remote, were admissible to show the defendant's propensity to commit sexual offenses; the evidence was probative and survived a Rule 403 challenge); *McKenzie v. State*, No. 11-16-00043-CR, 2017 WL 4440306 (Tex. App.—Eastland Sept. 29, 2017, pet. ref'd) (mem. op., not designated for publication) (the defendant was convicted of continuous sexual abuse of a child and evidence that the defendant had committed and was arrested for the offense of online solicitation of a minor was admissible to show the defendant's bad character); *Luvano v. State*, No. 11-14-00122-CR, 2016 WL 1725455 (Tex. App.—Eastland Apr. 21, 2016, no pet.) (mem. op., not designated for publication) (the defendant was convicted of indecency and evidence of prior acts of sexual misconduct committed by the defendant was probative and admissible to show the defendant's previous and subsequent relationship with the child victim); *Molinar v. State*, No. 11-14-00302-CR, 2016 WL 1072641 (Tex. App.—Eastland Mar. 17, 2016, no pet.) (mem. op., not designated for publication) (the defendant was convicted of indecency with a child and evidence of other crimes of sexual misconduct committed by the defendant against "children other than the victim" at trial was probative under Rule 403 and admissible).

on the request. Tex. R. App. P. 33.1(a); *Burg*, 592 S.W.3d at 448–49. Here, neither occurred. Therefore, Appellant has not preserved his Rule 403 argument for our review.

Nevertheless, even if Appellant had preserved his complaint for our review, we conclude that the trial court did not abuse its discretion when it admitted Appellant's 1993 confession. The first two *Gigliobianco* factors, the probative value and the proponent's need for the evidence, weigh in favor of admission. The evidence of Appellant's extraneous conduct as contained in his 1993 confession was highly probative because the State was required to prove that Appellant committed the charged offense with the intent to arouse or gratify his sexual desire. Moreover, Appellant's confession detailed Appellant's sexual assault of two young boys, ages six and eight, by penetrating the children's anuses and buttocks. While the nature of the acts detailed in this confession are of a more extreme nature, the similarity between the victims—young boys—and the similarity of the area on which the boys were violated—the anus and the buttocks—are probative of the nature of the sexual acts that Appellant committed against the children in this case. Further, the State's need to show Appellant's character of being a child molester, which is a permissible use of evidence under Article 38.37, is greater when Appellant claims that his conduct was merely an innocent gesture that was misinterpreted. *See* Crim. Proc. art. 38.37, § 2(b). Contrary to Appellant's assertion, this evidence showed that Appellant's contact with the children was neither innocent nor accidental.

The final four *Gigliobianco* factors—the potential negative effects of the proffered evidence—do not outweigh the factors that support the admission of this evidence. While the sexual acts contained in Appellant's 1993 confession are of a greater magnitude and a more graphic nature than the sexual acts for which Appellant was charged in this case, we conclude that these prior acts do not reach the level of *unfair* prejudice such that it would have confused, distracted, or misled

the jury. None of the permissible uses of this proffered evidence under the applicable evidentiary rules—namely Rule 403 and Article 38.37, Section 2(b)—weigh in favor of a finding of unfair prejudice; Rule 403 only protects a criminal defendant against *unfair* prejudice, not just any prejudice. *See James v. State*, 623 S.W.3d 533, 549 (Tex. App.—Fort Worth 2021, no pet.) ("Evidence is not excludable under Rule 403 if it is merely prejudicial; 'all evidence against a defendant is . . . designed to be prejudicial.'" (alteration in original) (quoting *Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013))); *Ruiz*, 631 S.W.3d at 865 (to be violative of Rule 403 the admitted evidence must be *unfairly* prejudicial); *see also* TEX. R. EVID. 403. Finally, the time needed to develop and admit the proffered evidence was not overly burdensome and spans only six pages of the reporter's record (which totals nine volumes).

Because the proffered evidence was highly probative and carried a low likelihood of unfair prejudice, we conclude that the trial court would not have abused its discretion if it had performed a Rule 403 balancing analysis and in turn admitted this evidence over a Rule 403 objection. Accordingly, we overrule Appellant's fourth issue.

IV. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER
JUSTICE

August 17, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).
Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.